**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 19 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MELVIN JERROD TOLIVER,

Defendant-Appellant.

No. 03-1529
(D.C. No. 97-CR-388-N)
(Colorado)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Melvin Toliver, a federal prisoner, pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and received a sentence of twenty-seven months imprisonment followed by five years of supervised release. He served his sentence and commenced his term of supervised release on December 13, 2000.

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Toliver's supervised release was subsequently revoked and he was sentenced to a term of imprisonment of fourteen months to be followed by a three-year term of supervised release. We dismiss his appeal from that sentence as moot.

While on supervised release, Mr. Toliver was arrested for second degree aggravated motor vehicle theft and third degree assault. He was held for approximately one year on a state detainer pursuant to those charges. He subsequently pled guilty, was sentenced to time served, and was released in January 2003. Mr. Toliver's original term of supervised release was tolled while he was imprisoned on state charges. *See* 18 U.S.C. § 3564(b). After he was released from state custody, a state parole warrant was issued due to his failure to report to his probation officer and failure to attend treatment. In September 2003, Mr. Toliver was arrested on state charges of auto theft and fraud. Shortly thereafter, Mr. Toliver was arrested for violating his federal supervised release.

At his revocation hearing, Mr. Toliver admitted to the violations alleged by his parole officer and requested the court to sentence him at the bottom of the sentencing range, which was eight to fourteen months incarceration. The United States concurred, recommending that Mr. Toliver receive a sentence at the bottom of the guideline range. The court expressly adopted the factual allegations in the Supervised Release Violation Report as the court's findings of fact but disagreed with the parties' proposed disposition. Addressing Mr. Toliver, the court said,

"You have demonstrated through your actions that you are unwilling to comply with the conditions of supervised release originally imposed, and therefore, the sentence at the top of this range is appropriate in this case." Rec., vol II at 5.

Mr. Toliver appealed his sentence. He did not dispute the essential facts which led to the revocation of his supervised release or the guidelines range applicable to his conduct. Instead, he contended the district court erred when it failed to articulate its reasons for departing from the sentencing recommendation of both the government and defense counsel, sentencing him to the maximum sentence possible under the guidelines. During the pendency of this appeal, however, Mr. Toliver completed his sentence and was released from prison. He thereafter filed a suggestion of mootness.

Despite his release, Mr. Toliver's appeal would not be moot if he could demonstrate "collateral consequences adequate to meet Article III's injury-in-fact requirement." *Spencer v. Kemna*, 523 U.S. 1, 14 (1998). This court has held that "when a defendant appeals the revocation of his supervised release and resulting imprisonment and has completed that term of imprisonment, the potential impact of the revocation order and sentence on possible later sentencing proceedings does not constitute a sufficient collateral consequence to defeat mootness." *United States v. Meyers*, 200 F.3d 715, 722 (10th Cir. 2000). Not only has Mr. Toliver not suggested any collateral consequences to defeat mootness, he filed a

motion suggesting that his appeal became moot upon his release from prison.[1]

Accordingly, this court lacks jurisdiction over his appeal.

For the foregoing reasons, the appeal is **DISMISSED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

---

[1]Mr. Toliver appeals his fourteen month term of incarceration but does not challenge his three year term of supervised release, which is undoubtedly part of his sentence. *See* 18 U.S.C. § 3583(a) (a term of supervised release is "part of the sentence"). Thus, we need not address collateral consequences that might result from his term of supervised release.